Willis HENDLEY, et al.,
Plaintiffs–Appellants,

v.

CAMERON–BROWN COMPANY,
Defendant–Appellee.

No. 87–8668
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 21, 1988.

**832**

Henry C. Custer, Albany, Ga., for plaintiffs-appellants.

Carol V. Clark, McCalla, Raymer, Padrick, Cobb & Nichols, Atlanta, Ga., for defendant-appellee.

Before HILL, FAY and VANCE, Circuit Judges.

VANCE, Circuit Judge:

The question in this appeal is whether appellee, a mortgage company, properly disclosed the terms of appellants' discounted variable rate loans as required by the Truth In Lending Act, 15 U.S.C. §§ 1601–1693r. Appellants argue that the mortgage company failed to disclose fully the circumstances which would increase the initial interest rate. Finding that appellee was technically in compliance with the reg-

ulations and that appellee's good faith effort protected any disclosure inadequacies, the district court for the Middle District of Georgia granted appellee's motion for summary judgment. We reverse.

I.

In the spring of 1984, appellants, the Hendleys and the Blacks, obtained discounted variable rate mortgage loans from appellee to finance the purchase of their homes. One feature of the variable rate loans was the annual adjustment of the interest rate. The annual interest rate was based on an "index plus margin" formula which was determined by adding to the margin, preset at 2.79%, the current index.[1] Appellants claim that they were informed that the interest rate on the loans would adjust annually in the same direction as the index. The Hendleys closed their $69,250 loan on April 30, 1984. On the next day, May 1, 1984, the Blacks closed their $80,-025.46 loan. At closing, appellants received a Truth In Lending Disclosure Statement. This disclosure statement identified the mortgage as a variable rate loan and provided that "[t]he interest rate may increase during the term of this transaction if the index increases."

Approximately forty-five days before the end of the loan's first year, appellee informed appellants that the interest rate for the second year would increase from 9.875% to 11.875%. Appellee claims that this increase was based on the "index plus margin" formula provided in the loan agreement checked by the 2% annual cap.[2] Objecting to this increase, appellants filed suit claiming that appellee failed to comply with the disclosure requirements of the Truth In Lending Act. Because the index actually declined in the second year from 10.53% to 9.61%, appellants maintain that the increase is inconsistent with the disclosure statement's language that the interest rate would be adjusted annually in the same direction as the index. Appellants

---

1. The index was identified as the Federal Reserve Board's weekly average yield on United States Treasury securities adjusted to a constant maturity of one year.

2. The annual adjustment was subject to a 2% cap, up or down, each year and an overall cap of 5.75% for the lifetime of the loan.

argue that appellee failed to disclose the initial index and that the initial interest rate was discounted or lower than the rate would be if it were calculated by using the "index plus margin" formula. According to appellants these undisclosed facts created other circumstances for an increased interest rate and the failure to disclose this information violated statutory and regulatory disclosure requirements.

The district court ruled that the mortgage company technically complied with the requirements of the Truth In Lending Act and its regulations. The district court found that the initial index information "was not explicitly disclosed" and that the disclosure statement failed to disclose that the initial interest rate was discounted. The court nevertheless held that appellee technically complied with the disclosure requirements due to the lack of specific guidance for discounted variable rate loans. Since the discounted variable rate loan was a new product in early 1984 and the application of Regulation Z, 12 C.F.R. § 226, to these loans was not clear, the court ruled that "any inadequacies are protected by [appellee's] good faith effort at compliance."

## II.

Congress enacted the Truth In Lending Act to ensure meaningful disclosures in consumer credit transactions. *See* 15 U.S. C. § 1601(a). The Federal Reserve Board ("Board") promulgated Regulation Z to execute the purposes of the Truth In Lending Act.[3] The Board established the disclosure requirements for variable rate loans in 12 C.F.R. § 226.18(f). This provision provides:

> If the annual percentage rate may increase after consumption, the following disclosures [are required]:
>
> (1) The circumstances under which the rate may increase.

(2) Any limitations on the increase.

(3) The effect of an increase.

(4) An example of the payment terms that would result from an increase.

■ We hold that appellee did not comply with the first requirement by fully disclosing the "circumstances under which the rate may increase." The disclosure statement provided that "the interest rate may increase during the term of this transaction if the index increases." This, however, was not the only circumstance which could cause an increase in the interest rate. As the district court stated, "[t]he problem is that the statement fails to note that the initial interest rate is discounted, creating the possibility of an increase even when the index does not rise." Due to the initial discounted interest rate, the annual interest rate could increase if the index remained constant, or even if the index declined. Absent this information, the disclosure failed to meet regulatory standards.

Appellee argues that at the time these transactions occurred the Board had recently amended its official staff interpretation of regulation § 226.18(f) to explain its application to discounted variable rate loans. The amended interpretation required the disclosure to "reflect a composite annual percentage rate based on the initial rate for as long as it is charged and, for the remainder of the term, the rate that would have been applied using the index or formula at the time of consummation." Official Staff Interpretation, 12 C.F.R. § 226, Supp. I, § 226.18(f) ¶ 8. Appellee maintains that this amended interpretation was only optionally effective on April 1, 1984,[4] and that due to the "dramatic change in the disclosure requirements" appellee was not required to go beyond the requirements of the existing interpretation.[5] Regardless of the effective date of

---

3. Absent some obvious repugnance to the statute, the Board's regulations implementing the Truth In Lending Act should be accepted by the courts, as should be the Board's interpretation of its own regulation. *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 219, 101 S.Ct. 2266, 2273, 68 L.Ed.2d 783 (1981).

4. Appellee argues that the amended interpretation became mandatorily effective on October 1, 1984.

5. Appellee maintains that it relied on the existing official interpretation which did not give any guidance concerning the disclosure requirements for a discounted variable rate loan. The existing interpretation however did provide a

the amended interpretation, however, the regulation's requirements did not change and we believe that appellee failed to comply with the clear disclosure requirements of the regulations. *Cf. In re Scaife*, 825 F.2d 357, 359-60 (11th Cir.1987) (revision of Regulation Z was a substantive change from the former regulation).

■ Appellee also argues that even if the disclosure were improper, it is insulated from liability under 15 U.S.C. § 1640(f) because it acted in good faith in accordance with the Board's official interpretation of regulation § 226.18(f). Section 1640(f) provides:

> No provision of this section, section 1607(b), section 1607(c), section 1607(e), or section 1611 of this title imposing any liability shall apply to any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the Board or in conformity with any interpretation or approval by an official or employee of the Federal Reserve System duly authorized by the Board to issue such interpretations or approvals under such procedures as the Board may prescribe therefor, notwithstanding that after such act or omission has occurred, such rule, regulations, interpretation, or approval is amended, rescinded, or determined by judicial or other authority to be invalid for any reason.

15 U.S.C. § 1640(f). Section 1640(f) "does not protect a creditor who *fails* to conform with a regulation or interpretation through an honest, good faith mistake." *Cox v. First Nat'l Bank of Cincinnati*, 751 F.2d 815, 825 (6th Cir.1985) (emphasis in original). So a creditor's honest and reasonable but mistaken interpretation is not protected. *See Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1287 (7th Cir.1980), *rev'd on other grounds*, 452 U.S. 205, 101 S.Ct. 2266, 68 L.Ed.2d 783 (1981). Appellee's belief that the regulation did not require

special rule for buydowns. A buydown results in a lower effective interest rate for an initial period. *See* Official Staff Interpretations, 12 C.F.R. § 226, Supp. I, § 226.17(c)(1) ¶ 3. The existing interpretation required the creditor to disclose "a composite rate based on the lower rate for the buydown period and the rate that is

further disclosure based on its mistaken interpretation of the regulation and reliance on an inapplicable interpretation does not protect it from liability. As a matter of law, the section 1640(f) good faith defense is not available.

### III.

Accordingly, we reverse the district court's decision granting summary judgment in favor of appellees and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

the basis of the variable rate feature for the remainder of the term." *Id.* at § 226.18(f) ¶ 8. Although the loans in this case did not involve a buydown, the rule could have been applied by analogy to the discounted variable rate loan. The amended interpretation adopted a similar rule for discounted variable rate loans.