695 So.2d 808 (1997)
KEY SAVINGS BANK, F.S.B., Appellant/Cross-Appellee,
v.
Louisa F. DEAN, the unremarried surviving spouse of Robert A. Dean, deceased, Appellee/Cross-Appellant.
Nos. 94-0538, 94-1072.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Rehearing Denied July 14, 1997.
Damian M. Ozark of Ozark & Perron, P.A., Bradenton, for appellant/cross-appellee.
James A. Bonfiglio of James A. Bonfiglio, P.A., Boynton Beach, for appellee/cross-appellant.
DELL, Judge.
In these consolidated appeals, appellant (Key Savings), filed a foreclosure action against appellee (Dean), who then filed affirmative defenses, alleging Key Savings violated various provisions of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. (1997) ("TILA"), and of Regulation Z, 12 C.F.R. § 226 (1997) ("Reg. Z"). The trial court found that TILA applied to the loan, Key Savings violated the directives of TILA, and Dean was entitled to a rescission of the mortgage. Further, the trial court awarded Dean a $1,000.00 offset as a civil penalty pursuant *809 to 15 U.S.C. § 1640(a)(2)(A)(i) (1997), but rejected Dean's request for actual damages.
Key Savings appealed and Dean cross-appealed. Based on the authority of Beach v. Great Western Bank, 692 So.2d 146 (Fla. 1997), we reverse that part of the final judgment granting rescission. We reverse the trial court's denial of Dean's claim for actual damages, and we reverse the award of statutory damages and remand to the trial court, for reconsideration. We also reverse the award of attorney's fees to Dean and remand for redetermination.
On July 15, 1985, Dean executed a variable-rate mortgage and promissory note for $276,000 in favor of Republic Savings and Loan Association ("Republic"). On March 26, 1990, Republic assigned the loan to Key Savings. On June 29, 1992, Key Savings sent Dean written notice that the note and mortgage were in default. On November 5, 1992, Key Savings filed suit to foreclose on the mortgage.
Before trial, the parties stipulated that Key Savings would be entitled to an order of foreclosure, subject to Dean's affirmative defenses relating to TILA and Reg. Z. The trial court found the following TILA violations: (1) the payment schedule of Key Savings' TILA disclosure form misstated payment amounts and number of payments; (2) the payment schedule was misleading as to the loan terms; (3) the disclosure form overstated the amount financed, understated the finance charge, and failed to disclose a separate written itemization of pre-paid finance charge; and (4) Key Savings failed to designate its address and place of business as required for receipt of cancellation. The trial court granted Dean's affirmative defense of rescission, conditioned upon Dean's tendering $64,702.45 to Key Savings within 180 days. If Dean failed to pay, Key Savings would be entitled to foreclose.
In Beach v. Great Western Bank, 692 So.2d at 153, the Florida Supreme Court held that "under Florida law, an action for statutory right of rescission pursuant to 15 U.S.C. § 1635 may not be revived as a defense in recoupment beyond the three-year period contained in section 1635(f)." Id. Here, the mortgage and promissory note were executed on July 15, 1985. Key Savings filed an action in foreclosure in November 1992. Thereafter, Dean filed affirmative defenses, including a claim for rescission. Hence, the trial court erred in holding that Dean was entitled to rescission since the rescission claim in recoupment came more than three years after the closing date of the transaction.
Dean raises two arguments on cross-appeal. We find merit only in the argument concerning actual and statutory damages. First, the trial court did not award Dean actual damages because it concluded that allowing both rescission and damages would result in double recovery. Since we have reversed the order of rescission, we must also reverse the trial court's denial of actual damages as a setoff. TILA provides for money damages under certain conditions:
While there is a one year limitation on the commencement of a cause of action for money damages, the statute specifically provides that as a defense of recoupment or setoff to an action for collection of the debt, a consumer may assert violations of TILA and the damages to which the consumer would be entitled under the statute.
Beach v. Great Western Bank, 670 So.2d 986 (Fla. 4th DCA 1996), aff'd, 692 So.2d 146 (Fla.1997) (citing 15 U.S.C.A. § 1640(e) (1997)). In Beach, this court found that borrowers were entitled to actual damages and statutory damages, which were setoff against the balance due the bank. Id. at 989. In this case, because the findings of the trial court were premised on Dean's rescission claim, which is no longer available, this issue is remanded to the trial court for a determination of actual damages, if any.
Next, the record shows that the variable-rate changed on more than one occasion during the loan. Since Dean may be entitled to additional statutory damages under 15 U.S.C. § 1640(a)(2)(A)(i) (1997),[1] we reverse the statutory damages award. TILA mandates that creditors issue new disclosures to consumers in certain situations. In Brown v. *810 Marquette Savings & Loan Ass'n, 686 F.2d 608, 611 (7th Cir.1982), the court stated that "any rate increase pursuant to a variable rate provision constitutes a refinancing and thus a new transaction unless there has been compliance with [TILA]." Id. However, increases in interest rates are not considered "new transactions" when a creditor gives prior disclosure that rates are subject to change, the conditions of the changes, and the limits of any possible change. Id. at 612.
Consequently, if Key Savings properly disclosed the variable-rate information, then each rate change would be just a subsequent occurrence. If, on the other hand, there were TILA violations, then the rate changes would be regarded as new transactions requiring a complete new set of disclosures. The failure to provide such disclosures would subject Key Savings to penalties for each rate increase. See Nash v. First Fin. Sav. & Loan Ass'n, 703 F.2d 233, 236 (7th Cir.1983). Therefore, on remand, the trial court shall determine whether the rate changes were new transactions requiring issuance of new disclosure statements and reconsider the amount of the statutory damages award.
Finally, Key Savings argues that the award of attorney's fees to Dean should also be reversed if we reverse that part of the final judgment granting rescission. We agree and reverse the award of attorney's fees. We remand with instructions to reduce the amount of the fees awarded to Dean by the amount of attorney's fees attributable to the rescission claim.
Accordingly, we reverse that part of the final judgment that granted rescission of the mortgage, the award of statutory damages, the denial of actual damages, and the award of attorney's fees. We remand this cause for further proceedings consistent herewith.
REVERSED and REMANDED.
WARNER, J., and KENNEY, SCOTT M., Associate Judge, concur.
NOTES
[1] Section 1640(a)(2)(A)(i) allows recovery from a creditor in non-compliance with TILA "in the case of an individual action [for] twice the amount of any finance charge in connection with the transaction ... except that the liability ... shall not be less than $100 nor greater than $1,000." 15 U.S.C. § 1640(a)(2)(A)(i)(1997).