Julian L. McPHILLIPS, Jr.,
et al., Plaintiffs,

v.

GOLD KEY LEASE, INC.,
et al., Defendants.

No. Civ.A. 98–C–174–N.

United States District Court,
M.D. Alabama,
Northern Division.

Feb. 10, 1999.

Steven A. Katz, Douglas R. Sprong, Carr, Korein, Tillery, Kunin, Montroy, Cates & Glass, Belleville, IL, Lange Clark, Lange Clark, PC, Birmingham, AL, for Julian L. McPhillips, Jr., plaintiff.

C. Lee Reeves, Wilson F. Green, Sirote & Permutt, Birmingham, AL, for Gold Key Lease, Inc., defendant.

### MEMORANDUM OPINION AND ORDER

CARROLL, United States Magistrate Judge.

This matter is before the court for consideration of defendants' motion for judgment on the pleadings filed May 4, 1998. Pursuant to an order of the court, the parties filed submissions on the motion and the matter is now ready for resolution.[1] For the reasons stated below, the court finds that defendants' motion should be granted

### I.

On or about December 6, 1996, plaintiff, Julian L. McPhillips, Jr., entered into a vehicle lease agreement with a local car dealership, Dorsey Motor Sales, Inc. The lease agreement was financed by defendant Chrysler Financial Corporation and subsequently, was assigned to defendant Gold Key Lease, Inc. The agreement provided that plaintiff would lease a new, 1997 Chrysler Sebring LXI. The "Lease Information" provision of the agreement, Box 1, disclosed the following:

| | | | |
|---|---|---|---|
| Capitalized Cost | | $ | 21849.00 |
| Capitalized Cost Reduction | − | | N.A. |
| Net Capitalization | = | $ | 21849.00 |
| Residual Value | − | $ | 12808.72 |
| Lease Depreciation | = | $ | 9040.28 |
| Lease Charges | + | $ | 3795.00 |
| Total of Base Monthly Payments | = | $ | 12835.28 |
| Lease Term | + | | 30 Months |
| Base Monthly Payment | = | $ | 427.84 |
| Use or Lease Tax | + | $ | 13.26 |
| | + | $ | N.A. |
| | + | $ | N.A. |
| **Total Monthly Payment** | = | $ | |
| **Total of Monthly Payments** | | $ | 13233.00 |

Thus, under the "Monthly Payment Schedule," Box 4, the agreement provided that plaintiff was to pay "30 Monthly Payments of $ 441.10" with the first payment due upon signing the lease, and the remaining payments in monthly installments due each month on the 6th day from January, 1997 through June, 1999. The lease agreement also included a "Fees and Taxes" statement, Box 6, which stated:

The total estimated amount You are to pay during the term of this Lease for official fees, vehicle registration, certificate of title, license fees and taxes is

[1] On May 6, 1998, the court set a briefing schedule that ordered the parties to file their submissions no later than June 15, 1998. The parties continued to file submissions through January 5, 1999. See Document Numbers 28–32. Although these submissions were filed out of time and without leave of the court, the court considered them since they addressed relevant matters that arose after the submission date. Counsel are advised, however, that out of time submissions without leave of the court are not favored and, usually, are not considered.

$ 250. This amount may change if you move.

Other provisions of the agreement address the amount due at lease signing, sources of amount due at lease signing, late charge, vehicle warranty, optional life and disability insurance, option to purchase, and mileage charge/refund.

Plaintiff alleges that the lease agreement does not comply with the Consumer Leasing Act disclosure requirements because it fails to properly disclose in the "Fees and Taxes" provision the license fees and taxes that are required to be paid during the *entire* period of the agreement. According to plaintiff, the estimated license fee and taxes are $20.42 for 1996, $ 134.58 for 1997, and $ 123.62 for 1998, and the lease taxes for the entire agreement period are $ 397.80, together totaling $ 676.42.[2] Plaintiff contends that based upon these calculations, the estimated fees and taxes disclosed in the Box 6 "Fees and Taxes" provision should have been at least $ 676.42, instead of the $ 250 total stated in the agreement, and defendants' failure to make that disclosure is a violation of the Consumer Leasing Act. Thus, plaintiff filed this putative class action on behalf of all persons within the state of Alabama who entered into a lease agreement with or assigned to Gold Key or Chrysler Financial Corp. for a total obligation of $25,-000 or less that was in effect within one year of this action being filed.

Defendants deny that the license fee and taxes, and lease taxes are the amounts calculated by plaintiffs. *See* Answer filed March 16, 1998 ¶ 9. Furthermore, defendants contend that the leasing agreement complies with the Consumer Leasing Act disclosure provisions because the lease taxes were specifically disclosed in the "Lease Information" provision, Box 1, as "use or lease tax," and therefore, it was not necessary to disclose that cost in the Box 6 "Fees and Taxes" provision. Defendants also argue that even if the disclosures in the agreement do not comply with the Consumer Leasing Act regulation, they are shielded from liability because they acted in good faith in attempting to comply with the regulations.

## II.

Defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). A judgment on the pleadings may be entered when material facts are not in dispute and judgment can be rendered based on the substance of the pleadings[3] and any judicially noticed facts. *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998). In ruling on a motion for judgment on the pleadings, the allegations in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir.1996). Judgment on the pleadings may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 497. Thus, in this action, defendants' motion for judgment on the pleading can be granted only if there is no set of facts that would support finding a violation of the Consumer Leasing Act, and such determination can be made based upon the substance of the pleadings.

## III.

The Consumer Leasing Act, 15 U.S.C. §§ 1667 *et al.*, hereinafter referred to as "CLA," was amended to the Truth In Lending Act ("TILA") in 1976. The pri-

---

2. Plaintiff bases the tax calculation on a 1.5% assessment of the month payment which he contends is required under Alabama law. The $397.86 lease taxes total is the aggregate of 30 payments of $ 13.26, the use or lease tax amount disclosed in Box 1.

3. In an action alleging causes of action related to a contractual agreement, the contract is considered part of the pleadings and does not constitute material outside the pleadings requiring conversion of a Rule 12(c) motion to a Rule 56 motion for summary judgment. *See Homart Dev. Co. v. Sigman*, 868 F.2d 1556, 1561–1562 (11th Cir.1989).

mary purpose of the CLA is to insure that consumers have comprehensive information about the actual costs of leasing certain personal property to enable them to compare alternatives. 12 C.F.R. § 213.1(b)(1). *See generally* S.Rep. No. 94–590 (Jan. 21, 1976) *reprinted in* 1976 U.S.C.C.A.N. 431–434. The Act applies to leases of personal property for more than four months for a total contractual obligation not exceeding $25,000. An automobile lease is the most common type of consumer lease covered. The parties in this action do not dispute that the lease in question is governed by the Consumer Leasing Act. They do, however, dispute which version of the regulations is applicable and whether the subject lease agreement complies with the governing provisions of the regulation.

Generally, the Consumer Leasing Act requires lessors to provide uniform cost and other information about consumer lease transactions in advertisements and lease agreements. "Regulation M" is the implementing regulation that details the disclosure requirements. *See* 12 C.F.R. §§ 213.1–213.8. Since its promulgation, however, Regulation M has undergone several revisions. *See* 63 Fed.Reg. 52107 (Sept. 29, 1998); 62 Fed.Reg. 51006 (Sept. 30, 1998); 62 Fed.Reg. 15364 (Apr. 1, 1997), 61 Fed.Reg. 52246 (Oct. 7, 1996); 60 Fed.Reg. 48769 (Sept. 20, 1995). The version of the regulation which governs this action was issued as a final rule October 7, 1996, with an October 31, 1996, effective date and compliance optional until October 1, 1997. 61 Fed.Reg. 52246 (Oct. 7, 1996).

In addition to identifying what information must be disclosed in a lease agreement, Regulation M prescribes a specific manner for disclosing the required information. In order to focus a consumer's attention on key information and to assure "clear, conspicuous, and meaningful disclosure of lease terms," certain disclosures must be segregated from others and must be in a form substantially similar to the model form provided in Appendix A of the regulation. 12 C.F.R. § 213.3(a)(1)(2) (1996). *See also,* 61 Fed.Reg. at 52247–52249. The segregated charges fall into three basic categories: (1) the net sum due at lease signing; (2) the payment schedule and total amount of the periodic payments; and, (3) other charges that are not part of the periodic payments, as well as a statement of the total amount that will have been paid at the end of the lease. 12 C.F.R. § 213.4(b)–(e) (1996). The charges and costs that are to be included in the periodic payment total are itemized at 12 C.F.R. § 213.4(f)(1)–(10).[4] Among the charges that are to be included in the itemization of periodic charges is "an itemization of other charges that are part of the periodic payment." 12 C.F.R. § 213.4(f)(10). The regulation does not include any further definition or example of what charges are considered "other charges" under this provision. In the Appendix A Model Form, to which lease agreements are to comply, "Monthly sales/use tax" is included among the itemized charges under monthly payment information.

Charges that are not included in the periodic payment also must be disclosed. Among those charges are "fees and taxes," which requires disclosure of "The total dollar amount for all official and license fees, registration, title, or taxes required to be paid to the lessor in connection with the lease." 12 C.F.R. § 213.4(n). Again, however, the regulation fails to provide any further information identifying the specific charges that should be disclosed under this provision and the Appendix A Model Form basically restates the regulation language.

On April 4, 1997, the Federal Reserve Board and its staff issued a commentary addressing, among other items, tax disclosures. The commentary includes illustrations explaining which provisions should include particular tax disclosures.

---

4. In McPhillips's's lease agreement, Box 1 includes this information.

1. Treatment of certain taxes. Taxes paid in connection with the lease are generally disclosed under § 213.4(n), but there are exceptions. To illustrate:

i. Taxes paid by lease signing or delivery are disclosed under § 213.4(b) and § 213.4(n).

ii. **Taxes that are part of a regularly scheduled payments are reflected in the disclosure under § 213.4(c) and itemized under § 213.4(f)(10).**

iii. A tax payable by the lessor that is passed on to the consumer and is reflected in the lease documentation must be disclosed under § 213.4(n). A tax payable by the lessor and absorbed as a cost of doing business need not be disclosed.

iv. Taxes charged in connection with the exercise of a purchase option are disclosed under § 213.4(i), not § 213.4(n).

62 Fed.Reg. at 16062 (April 4, 1997) (emphasis added).[5] In the same commentary, the Board also provided further guidance on what disclosures are required under Section 213.4(c), payment schedule and total amount of periodic payments. In response to inquiries related to the final rule issued September, 1996 regarding whether annually assessed tax must be disclosed under Section 213.4(c), the FRB advised that "amounts that are collected by the lessor at the same interval(s)" must be disclosed under Section 213.4(c). *Id.* at 16056. Therefore, the comment for Section 213.4(c) was revised to identify *"taxes, maintenance, and insurance charges"* that are collected at the same intervals to be included in the itemization of the charges from which the periodic payment is derived. *Id.* at 16061 (emphasis added).

Defendants argues that the April 4, 1997 commentary, as well as the language of the regulation, counsels that when the monthly lease/use tax disclosure is itemized as one of the charges establishing the periodic

payment as it is in the subject agreement in Box 1, the Federal Reserve Board "excepts" its disclosure a second time in the "Fees and Taxes" provision, and interprets Section 213.4(n) as "not requiring that those taxes be disclosed *again* as a part of the total estimated taxes." *See* Brief of Defendants in Support of Motion for Judgment on the Pleadings, filed May 20, 1998, at 7.

Defendants interpretation of the regulation and the commentary, eventually, would be proven inaccurate. Recognizing the need for further guidance on disclosures for estimates of official fees and taxes, particularly taxes that are part of a regularly scheduled payment, on March 25, 1998, the Federal Reserve Board staff proposed amending its commentary on Section 213.4(n) to clarify that "taxes which are part of the scheduled payments are required to be disclosed under this section." 63 Fed.Reg. 14538, 14540 (March 25, 1998). The staff advised adding an additional example to illustrate the taxes that should be disclosed under this section.

1. Treatment of certain taxes. \*\*\*

ii. Taxes that are part of the scheduled payments are reflected in the disclosure under §§ 213.4(c), *and 213.4(n),* and itemized under § 213.4(f)(10).

63 Fed.Reg. at 14548 (emphasis added).

The final version of the proposed revision to the commentary was issued September 29, 1998. Under that version, the illustration for treatment of taxes was revised to state:

1. Treatment of certain taxes. \*\*\*

ii. Taxes that are part of the scheduled payments are reflected in the disclosure under §§ 213.4(c), (f), *and (n).*

63 Fed.Reg. 52107, 52109 (September 29, 1998) (*emphasis added*). *See also* 63 Fed. Reg. 66378 (Dec. 1, 1998). This proposed

---

5. The court finds that illustration "ii" is relevant to the pending action and rejects plaintiff's contention that the monthly use/lease tax

is a tax "payable by the lessor that is passed on to the consumer." *See* Illustration iii.

amendment, as well as others not related to the pending action, was published and circulated for comments from the public. The commentary as proposed was accepted as final on December 7, 1998. 63 Fed. Reg. 836308 (Dec. 7, 1998). The amendment to the commentary, and inherently the requirement that taxes that are part of the schedule payment be disclosed under Section 213.4(n), the "fees and taxes" provision, is not contemplated to be effective until Oct. 1, 1999. 12 C.F.R. Pt. 213, Supp. I.

Initially, it would seem reasonable to deem the recent commentary not relevant to the pending action since the challenged transaction occurred two years prior. Although retroactive application of a statutory amendment absent specific direction for such effect generally is disfavored, *see Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988), the same rule does not necessarily apply to agency commentaries. If, for example, a commentary "clarifies an unsettled area of law [but] does not change the law ... it may be applied to claims arising before its effective date." *Barlow v. Evans*, 992 F.Supp. 1299, 1305 (M.D.Ala. 1997). To determine whether a commentary is a clarification as opposed to a substantive change that would not be applied retroactively, the agency's classification should be given deference. *Id. See also Wright v. Director, Fed. Emergency Management Agency*, 913 F.2d 1566, 1571 (11th Cir.1990).The court should not, however, abandon its analytical obligations in blind deference to the agency's classification of the commentary. *See generally Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 560, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980) (Supreme Court advises that interpretation of a statute and its regulations, first "demands an examination of their express language," consideration of the "implicit character of the statutory scheme" as inferred by the commentaries becomes relevant only if clear expression in the statute or regulation is absent.) After all, as the Court of Appeals for the Seventh Circuit observed in *Pope v. Shalala*, 998 F.2d 473, 482 (7th Cir.1993), unfettered deference to an agency's classification of its revision as a clarification would allow an agency to make substantive changes, with retroactive effect, merely by referring to the new interpretation as a clarification. Thus, to determine if a revised or amended commentary is a clarification, or effects substantive change, the court should consider whether the revision is consistent with prior interpretations and views expressed by the agency. *See, e.g., Smith v. Highland Bank*, 915 F.Supp. 281, 288 (N.D.Ala.1996) (Revised commentary deemed clarification and applied retroactively since there was no evidence that the revision was inconsistent with any previous interpretations.)

In the recent commentary, the Federal Reserve Board interprets its revision of the illustrations for disclosures under Section 213.4(n) as a clarification. *See* 63 Fed.Reg. at 14540 The court, however, finds that the revised illustrations amounts to a substantive change because it is inconsistent with the April 4, 1997, commentary. The revised illustration specifically requires that taxes that are part of the scheduled payments be disclosed under Section 213.4(n). The April 4, 1997, commentary illustration, however, excepts from disclosure under Section 213.4(n) taxes that are part of a regularly scheduled payment and itemized under lease information. Additionally, the commentary advised that taxes that are paid at the same interval are to be disclosed under the itemization of charges that constitute the periodic payment. *See* 62 Fed.Reg. at 16056, 16061; *infra* 7–8. Therefore, to now issue a commentary advising that such taxes should be included in the Section 213.4(n) disclosure is in effect a substantive change and, as such, should not be applied retroactively. Therefore, the court finds that based upon the language and structure of Regulation M, and the guidance of the April 7, 1997 commentary, the lease agreement executed by McPhillips on December 6, 1996, does not violate the Consumer

Leasing Act because the sales and use/lease tax segregated and itemized under lease information was not disclosed as total for the entire lease period under the Section 213.4(n) "fees and taxes" provision.

 Moreover, the court finds that even if the recently revised commentary were applicable to the lease at issue in this action, the plaintiff still would not be entitled to relief. Given the April 4, 1997, commentary, defendants can avail themselves of the good faith defense provided under TILA. The good faith immunity defense grants a creditor immunity from liability for "any act done or omitted in good faith in conformity with any rule, regulation, or interpretation thereof by the [Federal Reserve] Board." 15 U.S.C. § 1640(f). The good faith immunity defense does not, however, protect a creditor "who fails to conform to with a regulation or interpretation through an honest, good faith mistake." *Hendley v. Cameron–Brown Co.*, 840 F.2d 831, 834 (11th Cir. 1988) (*quoting Cox v. First Nat'l Bank of Cincinnati*, 751 F.2d 815, 825 (6th Cir. 1985)). Thus, the creditor's cognitive analysis or belief of its obligations under the statute is not relevant. *See Cox*, 751 F.2d at 825 (A creditor's mistake in determining the applicable version of a regulation, although honest, is not legally sufficient to establish a good faith defense.) Therefore, a factual inquiry addressing the motives of the defendants is not necessary. The relevant inquiry to determine if the good faith defense is applicable is whether the Federal Reserve Board provided a previous interpretation of the relevant regulation that is inconsistent with the recent "clarification" but supports the interpretation adopted by the defendants in their lease agreement. *Charles v. Krauss Co.*, 572 F.2d 544, 549 (5th Cir.1978). *Cf. Valencia v. Anderson Bros. Ford*, 617 F.2d 1278, 1288 (7th Cir.1980) (Good faith defense failed as a matter of law because defen-

dants failed to identify specifically official Board interpretations or regulations which supported their position.) Inconsistent interpretation of the relevant regulation as well as compliance with prior interpretations is certainly the situation in the pending action.

As the court has noted, based upon the April 4, 1997 commentary, the FRB initially contemplated excepting from the Section 213.4(n) fees and taxes disclosures taxes collected in the same intervals which were to be disclosed as an itemization under the periodic payment schedule. Since the lease agreement complies with that interpretation defendants are entitled to immunity in the pending action.

The court notes, as plaintiff emphasizes, that in 1990, the United States District Court for New Mexico held that the failure to include "both the monthly tax and the initial registration fee in the total tax and fee disclosure is precisely the conduct which one commentator has identified specifically as a violation of the requirements of the law." [6] *Candelaria v. Nissan Motor Acceptance Corp.*, 740 F.Supp. 806, 809 (D.N.Mex.1990). This prior judicial decision would not compromise the good faith defense available to the defendants in this action, however, because the immunity under that defense is based upon reliance on "an administrative interpretation of the Act by an official or employee of the Federal Reserve System" not judicial decisions. *Hamilton v. Southern Discount Co.*, 656 F.2d 150 (5th Cir. 1981). It also is important to note, that the commentary relied upon by the *Candelaria* court was from a consumer law center journal and was not issued by the Federal Reserve Board. Moreover, it appears that the *Candelaria* court limited defendants' reliance defense to reliance on case law, which is an inappropriate consideration under Section 1640(f). Thus, this court finds that the *Candelaria* decision is not binding and

---

**6.** At that time the tax and fee disclosure requirement was codified at Section 212.4(g)(4); The text of the regulation was substantially the same as the text that is now set out at Section 213.4(n).

does not impair the good faith immunity available to defendants in this action.

## IV.

Accordingly, for the foregoing reasons, it is hereby ORDERED that defendants' motion for judgment on the pleadings filed May 4, 1998, be and is GRANTED, and that this cause be and is DISMISSED.