ON MOTION FOR REHEARING

STONE, J.
Appellees/cross-appellants’ motion for rehearing is denied. However, we republish our opinion, with the corrections, as follows:
Essex Home Mortgage Corporation appeals the entry of a final judgment wherein the defendants, William and Sandra *1225 Fritz, were awarded $22,000.00 in statutory damages under the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., in set-off against Essex’s judgment in foreclosure. We reverse. The trial court erred in awarding Appellees statutory damages for each interest rate change that occurred during the term of.the loan.
In December 1984, Appellees obtained a variable rate loan and mortgage from Appellant’s predecessor in interest, Financial Security Savings and Loan Association, for the purchase of their residence. Financial provided Appellees with a truth in lending disclosure statement which stated that the loan had a variable rate, and that “the annual percentage rate may increase during the term of this transaction if the ‘Index’ increases.” The disclosure statement also provided that the rate would change no more than once per year, the change in rate would not exceed 2.00%, and the index would be determined with reference to the “Weekly Average Yield on United States Treasury securities adjusted to a constant maturity of 1 year, as made available by the Federal Reserve Board.”
Appellees defaulted on the loan, and Appellant sued. Along with other claims not relevant to this appeal, Appellees counter-sued for statutory damages under TILA. After a non-jury trial, the trial court entered a final judgment in foreclosure against Appellees but awarded a set-off in the amount of $22,000.00, finding that the original lender had “misstated the effect of the index on the APR of the variable rate loan,” and that “[e]ach successive change in the interest rate resulted in a new transaction and an additional violation.”
Essex concedes that the statement in the truth in lending disclosure that “the annual percentage rate, may increase during the term of this transaction if the ‘Index’ increases” was a misstatement of the .terms of the variable rate loan and, therefore, a violation of TILA subjecting it to statutory damages under 15 U.S.C. § 1640(a)(2) in the amount of $2,000. See also Hendley v. Cameron-Brovm Co., 840 F.2d 831 (11th Cir.1988); 12 C.F.R. P 226 Supp I ¶ 18(f)5.
The essential issue in this appeal relates to the award of statutory damages for each subsequent change in the variable interest rate. The Truth in Lending Act, at 15 U.S.C. § 1640(a)(2), provides that if a lender fails to comply with requirements of TILA, the lender is liable to the borrower for statutory damages equal to twice the amount financed, but not less than $200 nor more than $2,000.[1] Section 1640(g) limits statutory damages in cases of multiple failures to disclose in any given transaction to a single recovery unless the lender continues its failure to disclose after recovery has been granted. See 15 U.S.C. § 1640(g). This case does not involve post-recovery disclosure violations, hence, multiple recovery would be available only if subsequent rate changes constituted new transactions.
In determining whether the subsequent rate changes should be deemed new transactions requiring new disclosures we refer to Federal Reserve Board Regulation Z[2] and the Official Staff Commentary[3], promulgated by the board for implementation of TILA, noting that the views of the administrative agency entrusted with enforcement of TILA have been deemed dis-positive unless demonstrably irrational. See Ford Motor Credit Co. v. Milhollin, *1226 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).
Section 226.20(a) of Regulation Z, requires subsequent TILA disclosures if there is a refinancing. The Official Staff Commentary provides, in the case of a variable rate loan,
If the variable rate feature was properly disclosed under the regulation, a rate change in accord with those disclosures is not a refinancing ... However, if the variable rate feature was not previously disclosed, a later change in the rate results in a new transaction subject to new disclosures.
12 C.F.R. P 226 Supp. I ¶ 20(a)3.(emphasis added). Therefore, if the lender increases the interest rate in accordance with the previously disclosed terms of the variable rate loan, the interest increases are not considered new transactions and, consequently, do not require subsequent disclosures. Conversely, if the lender increases the interest rate in a manner not previously disclosed, the rate increase[4] would constitute a new transaction subjecting it to new disclosure requirements.
In Key Sav. Bank, F.S.B. v. Dean, 695 So.2d 808, 810 (Fla. 4th DCA 1997), we held that “increases in interest rates are not considered ‘new transactions’ when a creditor gives prior disclosure that rates are subject to change, the conditions of the changes, and the limits of any possible change.” We further stated that “If [the lender] properly disclosed the variable-rate information, then each rate change would be just a subsequent occurrence.” Id. at 810; accord Hubbard v. Fidelity Federal Bank, 824 F.Supp. 909, 918 (C.D.Cal.1993), ajfd in part and rev’d in part, 91 F.3d 75 (9th Cir.1996) (holding: “Under [12 C.F.R. Part 226, Supp. I, ¶ 20(a)(1984) ] a lender is obligated to provide new disclosures if the variable rate feature was not properly disclosed in accordance with Regulation Z and the lender (1) increases the rate based on a variable rate feature that was not previously disclosed or (2) adds a variable-rate feature to the obligation.”(emphasis added)). It is not merely the initial “mis-disclosure” that triggers the requirement of subsequent TILA disclosures, but the initial violation plus an increase in rate which is not based on the previously disclosed terms of the variable rate loan.
Here, the initial failure to disclose related solely to the effect on the interest rate when the index increased to begin the second year, as the disclosure erroneously advised the borrower that the interest rate may increase when the index increased when, in actuality, the interest rate could also increase in the second year even if the index decreased because of the effect of thé interest rate discount applicable to only the first year. See generally 12 C.F.R. P 226 Supp. I ¶ 18(f)5. However, after the first rate change, the statement that “the interest rate may increase if the index increased” would be correct because the previous year’s interest rate would no longer be a discounted rate. Therefore, we conclude that the initial misinformation did not ipso facto render subsequent rate changes incorrect vis a’ vis the terms of the previously disclosed variable rate loan; therefore subsequent disclosures under section 226.20(a) of Regulation Z were unnecessary. Furthermore, no record has been established that the interest rate changes were not otherwise in accordance with the terms of the variable rate as previously disclosed. Accordingly, we find that the limitation on damages to one award per transaction, as found at 15 U.S.C. § 1640(g), governs and limits statutory damages in set-off in this case to $2,000.
We reject Appellees’ argument that language in Key Savings providing that “The *1227 failure to provide such disclosures would subject Key Savings to penalties for each rate increase,” 695 So.2d at 810, requires an award of statutory damages at each rate increase in the variable rate transaction at issue in this case. Because Key Savings involved reversal of the rescission allowed by the trial court and an erroneous finding that actual damages could not be awarded along with rescission, remand was required to reconsider damages. In Key Savings, we merely instructed the trial court that if there were TILA violations, the lender would be subject to statutory damages at each rate increase, allowing for the possibility that the subsequent rate changes may not have comported with the previously disclosed terms of the variable rate loan, and we specifically instructed the trial court to make a determination as to “whether the rate changes were ‘new transactions’ subjecting Key Savings to additional disclosure requirements and possible additional statutory damages.” Id.
Here, Appellees had ample opportunity to establish a record with regard to the necessity for or lack of subsequent disclosures but failed to do so; nevertheless, the trial court found subsequent TILA violations. Reviewing the record, we discern no record support for Appellees’ assertion that subsequent rate changes were not in accordance with the previously disclosed terms of the variable rate loan. Furthermore, because Appellees had the opportunity to develop proof as to subsequent violations below, we need not remand for reconsideration of subsequent TILA violations as we did in Key Savings.
Appellees’ argument that Essex failed to make the required disclosures under 12 C.F.R. § 226.20(c), was raised for the first time on appeal; therefore, we have not considered it, see DeMeo v. Frenchy’s Worldwide Helmets, Inc., 732 So.2d 12 (Fla. 4th DCA 1999) (refusing to consider, for the first time on appeal, lack of compliance with section 627.426(2), Florida Statutes).
Finally, we note that section 1640(d) limits recovery of statutory damages under section 1640(a)(2) to one recovery regardless of the number of obligors and, therefore, interpret section 1640(d) as limiting Appellees’ total statutory damage recovery in this case to one $2,000 recovery in set-off.
On remand, the set-off for statutory damages shall be reduced to $2,000.
As to all other issues raised on cross-appeal, we also affirm.
STEVENSON and SHAHOOD, JJ., concur.

.At the time of this transaction, the statutory damage limitation ranged from $100 to $1000; however, this section was amended in 1995 to raise the range to $200 to $2000, Pub.L. No. 104-29, § 6. Statutory changes in damage calculations are remedial in nature, not substantive, and, therefore, applied retrospectively. See Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352 (Fla.1994); accord Mirabal v. General Motors Acceptance Corp., 537 F.2d 871 (7th Cir.1976), overruled on other grounds by Brown v. Marquette Savings & Loan Ass’n., 686 F.2d 608 (7th Cir.1982).

. 12 C.F.R. § 226.1 et seq.(1984)

. 12 C.F.R. P 226 Supp. I.

. In promulgating Regulation Z, the Federal Reserve Board explained that "Paragraph (a)(2) requires no further disclosures when the new obligation involves a reduction in the annual percentage rate ...” 46 FR 20848, 20882 ¶ 226.20(a)(2); hence decreases in the annual percentage rate would not require subsequent disclosures.